# In the United States Court of Federal Claims

No. 19-928C
Filed: September 13, 2019

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * | * |
| **NATASHA HARRIS JOHNSON,** | * |
| **Plaintiff,** | * |
| v. | * **Pro Se** Plaintiff; Subject Matter |
| | * Jurisdiction; Motion to Dismiss; Tort |
| **UNITED STATES,** | * Claims; Criminal Claims. |
| **Defendant.** | * |
| * * * * * * * * * * * * * * * * * * | * |

**Natasha Harris Johnson**, pro se, Paducah, KY.

**David R. Pehlke**, Attorney of Record, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him were **James Connor**, Assistant Director, Commercial Litigation Branch, **Robert E. Kirschman, Jr.**, Director, Commercial Litigation Branch, and **Joseph H. Hunt**, Assistant Attorney General, Civil Division.

## ORDER

**HORN, J.**

On June 25, 2019, plaintiff Natasha Harris Johnson filed a pro se complaint in this court. Subsequently, on July 8, 2019, plaintiff filed an Application to Proceed In Forma Pauperis.

Plaintiff's complaint consists of three pages containing allegations that are unrelated to one another. The first page is dated August 1, 2018 and appears to allege "fraud, misrepresentation, harassment," "threat of seizure to my private consumer property, my home," "counterfeiting, identity theft, conspiracy to defraud," and multiple violations of Title 18 of the United States Code ongoing "since 2012"[1] against the

---

[1] The court notes that the 2012 date coincides with plaintiff's filing of a case on March 22, 2012 against four defendants, plaintiff's homeowners insurance company and three contractors, in the Circuit Court in McCracken County, Kentucky for "breach of contract, negligence, common law bad faith," and violations of three Kentucky state laws. Harris-

"McCracken County Sherriff, Grayson [sic] Head & Ritchie's law firm, Manley Deas Kochalski law firm representing Citimortgage."[2] Plaintiff also alleges in handwritten text at the bottom of the page, allegations of "tax evasion, estate embezzlement," and "antitrust violations" concluding with the statement "This is my tort claim." Plaintiff alleges she has "gathered supporting documentation that shows counterfeiting, identity theft, conspiracy to defraud." Plaintiff, however, has not provided any supporting documentation in support of any of the conclusory allegations made in her complaint.

The second page of plaintiff's complaint is dated October 26, 2018. The second page alleges a violation of her civil rights "brought on from legal abuse syndrome" "from the Kentucky court system" that resulted in plaintiff suffering "Post Traumatic Stress disorder by government force." It is unclear who plaintiff alleges violated her civil rights, but she seems to imply officials of the Kentucky judiciary are involved.

The third page of plaintiff's complaint is dated June 17, 2019. The third page alleges "unlawful conversion, unlawful conveyance, unlawful concealment . . . with intent for unjust enrichment from embezzling funds of the estate . . . ." Plaintiff offers confused citations to 26 U.S.C. § 3403 (2018) and internal documentation from the Internal Revenue Service in support of her allegations, as well as references to unknown "W2s," "W4's [sic]," and "1099 forms." Plaintiff states on the third page of her complaint: "This is my criminal complaint for identity theft." Within the complaint, plaintiff does not state whose identity allegedly was stolen or who allegedly stole the identity. Plaintiff also does not indicate the estate from which funds are allegedly being embezzled or provide evidence thereof. Additionally, plaintiff does not appear to name a party against whom the allegations on the complaint's third page are brought.

In response to plaintiff's complaint, defendant filed a motion to dismiss pursuant to Rule 12(b)(1) (2019) of the Rules of the United States Court of Federal Claims (RCFC) on August 21, 2019 for lack of subject matter jurisdiction. Defendant asserts that plaintiff's complaint alleges "claims against private entities and a county sheriff" which "sound in tort" that do not fall under this court's jurisdiction. Defendant, therefore, requests this court to dismiss plaintiff's complaint for a lack of subject matter jurisdiction.

## DISCUSSION

The court recognizes that plaintiff is proceeding pro se. When determining whether a complaint filed by a pro se plaintiff is sufficient to invoke review by a court, a pro se plaintiff is entitled to a more liberal construction of the pro se plaintiff's pleadings. See

---

Johnson v. Auto Club Prop. Cas. Ins. Co., No. 2016-CA-000775-MR, 2018 WL 4191115, at *1 (Ky. Ct. App. Aug. 31, 2018). The Kentucky Circuit Court dismissed plaintiff's complaint for failure to comply with numerous court orders, failure to attend hearings, failure to disclose expert witnesses, and failure to respond to motions to dismiss over the course of four years. Id. The Kentucky Court of Appeals affirmed the Circuit Court's order of dismissal on appeal in an unpublished opinion. Id.

[2] Capitalization, grammar, punctuation, and other errors quoted in this Opinion are as they originally appear in plaintiff's submissions to this court.

2

Haines v. Kerner, 404 U.S. 519, 520-21 (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), reh'g denied, 405 U.S. 948 (1972); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9-10 (1980); Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977); Matthews v. United States, 750 F.3d 1320, 1322 (Fed. Cir. 2014); Diamond v. United States, 115 Fed. Cl. 516, 524 (2014), aff'd, 603 F. App'x 947 (Fed. Cir.), cert. denied, 135 S. Ct. 1909 (2015). However, "there is no 'duty [on the part] of the trial court . . . to create a claim which [plaintiff] has not spelled out in his [or her] pleading . . . .'" Lengen v. United States, 100 Fed. Cl. 317, 328 (2011) (alterations in original) (quoting Scogin v. United States, 33 Fed. Cl. 285, 293 (1995) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975))); see also Bussie v. United States, 96 Fed. Cl. 89, 94, aff'd, 443 F. App'x 542 (Fed. Cir. 2011); Minehan v. United States, 75 Fed. Cl. 249, 253 (2007). "While a pro se plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, the pro se plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." Riles v. United States, 93 Fed. Cl. 163, 165 (2010) (citing Hughes v. Rowe, 449 U.S. at 9; and Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2002)); see also Golden v. United States, 129 Fed. Cl. 630, 637 (2016); Shelkofsky v. United States, 119 Fed. Cl. 133, 139 (2014) ("[W]hile the court may excuse ambiguities in a pro se plaintiff's complaint, the court 'does not excuse [a complaint's] failures.'" (quoting Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995))); Harris v. United States, 113 Fed. Cl. 290, 292 (2013) ("Although plaintiff's pleadings are held to a less stringent standard, such leniency 'with respect to mere formalities does not relieve the burden to meet jurisdictional requirements.'" (quoting Minehan v. United States, 75 Fed. Cl. at 253)).

"Subject-matter jurisdiction may be challenged at any time by the parties or by the court sua sponte." Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (citing Fanning, Phillips & Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998)), reh'g and reh'g en banc denied (Fed. Cir. 2004), cert. denied, 545 U.S. 1127 (2005); see also Int'l Elec. Tech. Corp. v. Hughes Aircraft Co., 476 F.3d 1329, 1330 (Fed. Cir. 2007). The Tucker Act, 28 U.S.C. § 1491 (2018), grants jurisdiction to this court as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2018) (emphasis added).

When deciding a case based on a lack of subject matter jurisdiction or for failure to state a claim, this court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. See Erickson v. Pardus, 551 U.S. 87, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (citing Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508 n.1 (2002)))); see also Frankel v. United States, 842 F.3d 1246,

3

1249 (Fed. Cir. 2016) ("In deciding a motion to dismiss, a court is required to accept as true all factual allegations pleaded." (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009))); Fid. & Guar. Ins. Underwriters, Inc. v. United States, 805 F.3d 1082, 1084 (Fed. Cir. 2015); Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

"Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir.) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983)), reh'g denied (Fed. Cir. 1997); see also Klamath Tribe Claims Comm. v. United States, 97 Fed. Cl. 203, 208 (2011); Gonzalez-McCaulley Inv. Grp., Inc. v. United States, 93 Fed. Cl. 710, 713 (2010). A plaintiff need only state in the complaint "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(1), (2) (2018); Fed. R. Civ. P. 8(a)(1), (2) (2019); see also Ashcroft v. Iqbal, 556 U.S. at 677-78 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 555-57, 570). To properly state a claim for relief, "[c]onclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." Bradley v. Chiron Corp., 136 F.3d 1317, 1322 (Fed. Cir. 1998); see also McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1363 n.9 (Fed. Cir. 2007) (Dyk, J., concurring in part, dissenting in part) (quoting C. WRIGHT AND A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1286 (3d ed. 2004)); Briscoe v. LaHue, 663 F.2d 713, 723 (7th Cir. 1981) ("[C]onclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss."), aff'd, 460 U.S. 325 (1983). "A plaintiff's factual allegations must 'raise a right to relief above the speculative level' and cross 'the line from conceivable to plausible.'" Three S Consulting v. United States, 104 Fed. Cl. 510, 523 (2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555), aff'd, 562 F. App'x 964 (Fed. Cir.), reh'g denied (Fed. Cir. 2014). As stated in Ashcroft v. Iqbal, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' 550 U.S. at 555. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555).

Plaintiff alleges improprieties on the part of the McCracken County Sheriff, the Graydon Head & Ritchie law firm, and the Manley Deas Kochalski law firm, none of whom are associated with the Federal government. It is well established that this court lacks jurisdiction to hear claims against individuals or local officials, who are not federal employees. See United States v. Sherwood, 312 U.S. 584, 588 (1941) (noting that "if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court [United States Court of Claims]" (citing United States v. Jones, 131 U.S. 1, 9 (1889); Lynn v. United States, 110 F.2d 586, 588 (5th Cir. 1940); Leather & Leigh v. United States, 61 Ct. Cl. 388 (1925))); see also Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials."); Cooper v. United States, 137 Fed. Cl. 432, 434 (2018) (finding that the United States Court of Federal Claims "lacks subject matter jurisdiction to consider plaintiff's claims to the extent they are made against individuals"); Robinson v. United States, 127 Fed. Cl. 417, 420 (2016) ("The court is without 'jurisdiction over claims against

4

individuals.'" (quoting Emerson v. United States, 123 Fed. Cl. 126, 129 (2015))); Merriman v. United States, 128 Fed. Cl. 599, 602 (2016) ("The United States Court of Federal Claims does not have subject matter jurisdiction over claims against private individuals or state officials." (citing United States v. Sherwood, 312 U.S. at 588)); Hicks v. United States, 118 Fed. Cl. 76, 81 (2014); Cottrell v. United States, 42 Fed. Cl. 144, 148 (1998); Reid v. United States, 95 Fed. Cl. 243, 248 (2010) ("When a plaintiff's complaint names private parties, or local, county, or state agencies, rather than federal agencies, this court [the United States Court of Federal Claims] has no jurisdiction to hear those allegations." (quoting Moore v. Pub. Defs. Office, 76 Fed. Cl. 617, 620 (2007))). All of the named individuals and law firms are beyond the jurisdiction of this court.

Plaintiff also alleges multiple acts of criminal conduct including "banking fraud violations," "conspiracy to defraud," "estate embezzlement," "tax evasion," "counterfeiting," and "identity theft." To the extent that plaintiff may be asserting claims of criminal conduct, this court also lacks subject matter jurisdiction to adjudicate such claims. The jurisdiction of the United States Court of Federal Claims does not include jurisdiction over criminal causes of action. See Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994); see also Cooper v. United States, 104 Fed. Cl. 306, 312 (2012) ("[T]his court does not have jurisdiction over [plaintiff's] claims because the court may review neither criminal matters, nor the decisions of district courts." (internal citation omitted)); Mendes v. United States, 88 Fed. Cl. 759, 762, appeal dismissed, 375 F. App'x 4 (Fed. Cir. 2009); Hufford v. United States, 87 Fed. Cl. 696, 702 (2009) (holding that the United States Court of Federal Claims lacked jurisdiction over claims arising from the violation of a criminal statute); Fullard v. United States, 78 Fed. Cl. 294, 301 (2007) ("[P]laintiff alleges criminal fraud, a subject matter over which this court lacks jurisdiction." (citing 28 U.S.C. § 1491; Joshua v. United States, 17 F.3d at 379)); McCullough v. United States, 76 Fed. Cl. 1, 4 (2006) (finding that the United States Court of Federal Claims lacked jurisdiction to consider plaintiff's criminal claims), appeal dismissed, 236 F. App'x 615, reh'g denied, (Fed. Cir.), cert. denied, 552 U.S. 1050 (2007); Matthews v. United States, 72 Fed. Cl. 274, 282 (finding that the court lacked jurisdiction to consider plaintiff's criminal claims), recons. denied, 73 Fed. Cl. 524 (2006).

Plaintiff's allegations of "fraud, misrepresentation, harassment, and threat to seize my private consumer property, my home," "unlawful conversion, unlawful conveyance, unlawful concealment . . . with intent for unjust enrichment . . ." sound in tort. The Tucker Act specifically excludes tort claims from the jurisdiction of the United States Court of Federal Claims. See 28 U.S.C. § 1491(a) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.") (emphasis added); see also Keene Corp. v. United States, 508 U.S. 200, 214 (1993); Rick's Mushroom Serv. Inc., v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008); Alves v. United States, 133 F.3d 1454, 1459 (Fed. Cir. 1998); Brown v. United States, 105 F.3d 621, 623 (Fed. Cir.) ("Because Brown and Darnell's complaints for 'fraudulent assessment[s]' are grounded upon fraud, which is a tort, the court lacks jurisdiction over those claims."), reh'g denied (Fed. Cir. 1997); Golden Pac. Bancorp v. United States, 15 F.3d 1066, 1070 n.8 (Fed.

Cir.), reh'g denied, en banc suggestion declined (Fed. Cir.), cert. denied, 513 U.S. 961 (1994); Hampel v. United States, 97 Fed. Cl. 235, 238, aff'd, 429 F. App'x 995 (Fed. Cir. 2011), cert. denied, 565 U.S. 1153 (2012); Kant v. United States, 123 Fed. Cl. 614, 616 (2015) ("[Plaintiff's] claims for 'conversion' and 'fraud' sound in tort . . . ."); Cox v. United States, 105 Fed. Cl. 213, 218 (2012) ("[P]laintiffs contend that the United States has engaged in tortious conduct, including harassment and persecution, malfeasance, fraud, abuse, and deception . . . . The Court of Federal Claims does not possess jurisdiction to entertain claims sounding in tort."); Jumah v. United States, 90 Fed. Cl. 603, 607 (2009) ("[I]t is well-established that the Court of Federal Claims does not have jurisdiction over tort claims."), aff'd, 385 F. App'x. 987 (Fed. Cir. 2010); Woodson v. United States, 89 Fed. Cl. 640, 650 (2009); Fullard v. United States, 77 Fed. Cl. 226, 230 (2007) ("This court lacks jurisdiction over plaintiff's conspiracy claim because the Tucker Act specifically states that the Court of Federal Claims does not have jurisdiction over claims 'sounding in tort.'"); Edelmann v. United States, 76 Fed. Cl. 376, 379–80 (2007) ("This Court 'does not have jurisdiction over claims that defendant engaged in negligent, fraudulent, or other wrongful conduct when discharging its official duties'") (quoting Cottrell v. United States, 42 Fed. Cl. 144, 149 (1998)); McCullough v. United States, 76 Fed. Cl. 1, 3 (2006), appeal dismissed, 236 F. App'x 615 (Fed. Cir.), reh'g denied (Fed. Cir.), cert. denied, 552 U.S. 1050 (2007); Agee v. United States, 72 Fed. Cl. 284, 290 (2006); Zhengxing v. United States, 71 Fed. Cl. 732, 739, aff'd, 204 F. App'x 885 (Fed. Cir.), reh'g denied (Fed. Cir. 2006).

Plaintiff also attempts to allege, although unsubstantiated beyond including the conclusory statement in her complaint, "antitrust violations." Similarly, this court does not have jurisdiction over antitrust claims arising out of the Sherman Antitrust Act, 15 U.S.C. § 1 et seq. (2018) because United States District Courts have exclusive jurisdiction of cases arising out of that statute. Hufford v. United States, 87 Fed. Cl. 696, 703 (2009).

To the extent that any of the allegations in plaintiff's complaint sound in tort, or allege criminal conduct, or antitrust violations, as discussed above, this court does not have jurisdiction to adjudicate those claims. For the reasons discussed above, because this court does not have jurisdiction to hear any of plaintiff's claims, plaintiff's complaint must be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons above, defendant's motion to dismiss is **GRANTED** and plaintiff's complaint is **DISMISSED**. Plaintiff's Application to Proceed In Forma Pauperis is **MOOT**. The Clerk of the Court shall enter **JUDGMENT** consistent with this Order.

**IT IS SO ORDERED.**

**MARIAN BLANK HORN**
**Judge**